F I L E D
Clerk
District Court

AUG 2 7 2008

For The Northern Mariana Islands
By_____
(Deputy Clerk)

1   LEONARDO M. RAPADAS
    United States Attorney
2   ERIC S. O'MALLEY
    Assistant United States Attorney
3   DISTRICT OF THE NORTHERN
            MARIANA ISLANDS
4   Horiguchi Building, Third Floor
    P. O. Box 500377
5   Saipan, MP 96950-0377
    Telephone:    (670) 236-2980
6   Fax:          (670) 236-2985

7   Attorneys for United States of America

8              **UNITED STATES DISTRICT COURT**
9              **NORTHERN MARIANA ISLANDS**

10  UNITED STATES OF AMERICA,        )    Criminal Case No. 08-00015
                                     )
11              Plaintiff,           )
                                     )
12      v.                           )
                                     )
13                                   )          PLEA AGREEMENT
    IL CHO; and                      )          as to defendant
14  MIN JO,                          )              IL CHO
                                     )
15              Defendants.          )
    ─────────────────────────────────)

16

17       Pursuant to Rule 11(c)(1)(B), the United States and IL CHO enter into the following plea

18  agreement (the "Agreement"):

19              1.      On the understandings specified below, the Office of the United States

20  Attorney for the Districts of Guam and the Northern Mariana Islands ("this Office") will accept

21  a guilty plea from IL CHO (the "defendant") to Count Three of the Indictment.  Count Three

22  charges the defendant with Trafficking in Counterfeit Labels, in violation of Title 18, United

23  States Code, Section 2318, namely, the making or manufacturing of labels which appeared to be

24  genuine, which were not in fact genuine, which were affixed to, or designed to be affixed to,

25  unauthorized copies of motion pictures.  Count Three carries a maximum sentence of five years

    imprisonment, a maximum fine of $250,000, a $100 special assessment, and a maximum term

    of supervised release of three years.

2.     The defendant agrees to fully and truthfully cooperate with Federal law enforcement agents concerning their investigation of copyright violations and trafficking in illicit or counterfeit labels in the Commonwealth of the Northern Mariana Islands, including the disposition of profits from and assets relating to such activities. Except for the defendant's conditional right to refuse to testify against his co-defendant, as described below, the defendant agrees to testify completely and truthfully before any grand juries and at any trials or proceedings if called upon to do so for the United States, subject to prosecution for perjury for not testifying truthfully. The United States will make this cooperation known to the Court prior to the defendant's sentencing. The defendant further understands that he remains liable and subject to prosecution for any Federal or local offenses that he fails to fully disclose to the United States, or for any material omissions in this regard.

In the event that the case against co-defendant Min Jo proceeds to trial, the defendant shall have the right to refuse to testify for the government. However, the defendant understands that in the event of such a refusal, the government will recommend a sentence in the upper half of the sentencing guidelines range.

3.     It is understood that this Office cannot, and does not, agree not to prosecute the defendant for criminal tax violations. However, if the defendant fully complies with the understandings specified in this Agreement, no testimony or other information given by him (or any other information directly or indirectly derived therefrom) will be used against him in any criminal tax prosecution. Moreover, if the defendant fully complies with the understandings specified in this Agreement, he will not be further prosecuted criminally by this Office for any crimes, except for criminal tax violations, related to his participation in the scheme described in the Indictment, which began on or about September 28, 2007, and continued to on or about March 26, 2008, in the District of the Northern Mariana Islands, to the extent that he has disclosed such participation to this Office as of the date of this Agreement, not involving crimes of violence. This Agreement does not provide any protection against prosecution for any crimes except as set forth herein.

4.     Except as otherwise provided in this Agreement, it is understood that this Agreement does not bind any federal, state, or local prosecuting authority other than this Office. This Office will, however, bring the cooperation of the defendant to the attention of other prosecuting offices, if requested by him.

5.     In consideration of the foregoing and pursuant to Sentencing Guidelines § 6B1.4, the parties hereby stipulate to the following facts and application of the Sentencing Guidelines:

Facts

a.     The defendant knowingly trafficked in counterfeit or illicit labels by affixing to, enclosing, or accompanying, or designing to be affixed to, enclose, or accompany copies of the following motion pictures:

| Title of Movie | Copies |
|---|---|
| Jumper | 10 |
| Rendition | 5 |
| I Am Legend | 3 |
| Mr. Magorum's Wonder Emporium | 13 |
| Juno | 2 |
| Bucket List | 1 |
| Waterhorse | 1 |
| 3:10 to Yuma | 3 |
| Rush Hour 3 | 4 |
| The Queen | 4 |
| Dreamgirls | 2 |
| Rocky Balboa | 2 |
| Bee Movie | 2 |

Offense Level

b.     U.S.S.G. § 2B5.3 applies to the offense conduct in Count Three; the base offense level being 8.

c.     The offense involved the display, performance, publication, reproduction, or distribution of a work being prepared for commercial distribution, warranting an increase by 2.

- 3 -

1         d.     If the defendant allocutes to the crime charged in Count Three of

2    the Indictment to the satisfaction of the Court, a two-level reduction in the offense level for

3    acceptance of responsibility is warranted under U.S.S.G. § 3E1.1(a).

4         e.     In accordance with the above, the applicable U.S.S.G. offense level is 8.

5    Criminal History Category

6         f.     There is no stipulation as to Criminal History category.

7    Sentencing Range

8         g.     Based upon the calculations set forth above, and provided the

9    defendant's Criminal History is Category I, the stipulated sentencing Guidelines range is 0 to 6

10   months. In addition, after determining the defendant's ability to pay, the Court may impose a

11   fine pursuant to U.S.S.G. § 5E1.2. At Guidelines level 8, the applicable fine range is $1,000 to

12   $10,000. The defendant has been advised and understands that the stipulated Guidelines range

13   is merely a recommendation to the Court. The Court can reject it without permitting the

14   defendant to withdraw his plea of guilty and can impose a sentence that is more severe than he

15   anticipates. The defendant also understands that the Sentencing Guidelines are merely

16   advisory, and the Court may impose any reasonable sentence up to and including the maximum

17   penalties set by law after taking into account the factors enumerated in Title 18, United States

     Code, Section 3553(a).

18        6.     It is understood that the sentence to be imposed upon the defendant is

19   within the sole discretion of the Court. This Office cannot, and does not, make any promise or

20   representation as to what sentence the defendant will receive. However, this Office will inform

21   the Probation Department and the Court of (a) this Agreement; (b) the nature and extent of the

22   defendant's activities with respect to this case and all other activities of the defendant which this

     Office deems relevant to sentencing; and (c) the nature and extent of the defendant's

23   cooperation with this Office. In so doing, this Office may use any information it deems

24   relevant, including information provided by the defendant both prior to and subsequent to the

25   signing of this Agreement.

- 4 -

7.      If the United States determines, in its sole discretion, that the defendant has provided "substantial assistance" pursuant to Title 18, United States Code, Section 3553(e), the United States will request the Court to depart below the guideline range to whatever guidelines range or sentence of incarceration the United States, in its sole discretion, deems appropriate or may, within one year after sentencing herein, move the Court to order relief pursuant to Rule 35, Rules of Criminal Procedure to whatever guidelines range or sentence of incarceration the United States in its sole discretion deems appropriate.  Defendant acknowledges that the substantial assistance determination is solely up to the Office of the United States Attorney and that the United States has made no promise, implied or otherwise, that defendant will be granted a departure for substantial assistance.

The United States agrees to consider the totality of the circumstances, as they relate to the following factors, in determining whether defendant has provided "substantial assistance" which would merit a government request for a downward departure from the applicable guideline sentencing range:

a.      the United States' evaluation of the significance and usefulness of any assistance rendered by defendant;

b.      the truthfulness, completeness, and reliability of any information or testimony provided by defendant;

c.      the nature and extent of defendant's assistance;

d.      any injuries suffered or any danger or risk of injury to defendant or defendant's family resulting from any assistance provided by defendant; and

e.      the timeliness of any assistance provided by defendant.

It is understood that even if a motion for departure is made by the United States, based upon defendant's perceived substantial assistance, the final decision as to how much, if any, reduction in sentence is warranted because of that assistance, rests solely with the District Court.

8.      It is understood that, should this Office determine either that the defendant has not provided substantial assistance in an investigation or prosecution, or that the defendant has violated any provision of this Agreement, such a determination will release this Office from any obligation to file a motion pursuant to Section 5K1.1 of the Sentencing Guidelines and from Title 18, United States Code, Section 3553(e), but will not entitle him to withdraw his guilty

plea once it has been entered. In addition, it is understood that, should this Office determine, subsequent to the filing of a motion pursuant to Section 5K1.1 of the Sentencing Guidelines, that the defendant has violated any provision of this Agreement, this Office shall have the right to withdraw such motion.

9.    It is understood that, should the defendant commit any further crimes or should it be determined that he has given false, incomplete, or misleading testimony or information, or should he otherwise violate any provision of this Agreement, the defendant shall thereafter be subject to prosecution for any federal criminal violation of which this Office has knowledge, including perjury and obstruction of justice. Any such prosecution that is not time-barred by the applicable statute of limitations on the date of the signing of this Agreement may be commenced against the defendant, notwithstanding the expiration of the statute of limitations between the signing of this Agreement and the commencement of such prosecution. It is the intent of this Agreement to waive all defenses based on the statute of limitations with respect to any prosecution that is not time-barred on the date that this Agreement is signed.

10.    Defendant is advised and understands that to establish a violation of Title 18, United States Code, Section 2318, trafficking in counterfeit labels, as charged in Count Three of the Indictment, the government must prove each of the following elements beyond a reasonable doubt that:

a.    First, the defendant knowingly made, or possessed with the intent to transport, transfer, or otherwise dispose of, counterfeit or illicit labels;

b.    Second, the labels were affixed to, enclosed, or accompanied, or were designed to be affixed to, enclose, or accompany, a copy of a copyrighted motion picture.

11.    The defendant acknowledges that he has been advised of his rights as set forth below prior to entering into this Agreement. Specifically, defendant has been fully advised of, has had sufficient opportunity to reflect upon, and understands the following:

a.    the nature and elements of the charges and the maximum possible penalty provided by law;

b.    his right to be represented by an attorney;

- 6 -

c.      his right to plead not guilty and the right to be tried by a jury and at that trial, the right to be represented by counsel, the right to confront and cross-examine witnesses against him, and the right not to be compelled to incriminate himself, that is, the right not to testify;

d.      that if he pleads guilty, there will not be a further trial of any kind on the charges to which such plea is entered so that by entering into this Agreement, he waives, that is, gives up, the right to a trial; and

e.      that, upon entry of a plea of guilty, or thereafter, the Court may ask him questions about the offenses to which he has pled, under oath, and that if he answers these questions under oath, on the record, his answers may later be used against him in a prosecution for perjury or false statement if an answer is untrue.

12.     Being fully advised of his rights as set forth in the preceding paragraph, the defendant represents that:

a.      the agreement is voluntary and not a result of any force, threats or promises apart from this Agreement;

b.      he reads, speaks, writes and understands English and has read and understood this Agreement or has had a qualified interpreter read this Agreement to him in a language that he understands, and that he fully understood such translation; and

c.      he is satisfied with the representation provided to him by his counsel.

13.     It is understood that in the event that it is determined that the defendant had committed any further crimes, given false, incomplete, or misleading testimony or information, or otherwise violated any provision of this Agreement, (a) all statements made by the defendant to this Office or other designated law enforcement agents, and any testimony given by the defendant before a grand jury or other tribunal, whether prior to or subsequent to the signing of this Agreement, and any leads from such statements or testimony shall be admissible in evidence in any criminal proceeding brought against the defendant; and (b) the defendant shall assert no claim under the United States Constitution, any statute, Rule 11(f)

- 7 -

of the Federal Rules of Criminal Procedure, Rule 410 of the Federal Rules of Evidence, or any other federal rule that such statements or any leads therefrom should be suppressed. It is the intent of this Agreement to waive all rights in the foregoing respects.

14. In exchange for the government's concessions in this Plea Agreement, the defendant waives any right to appeal this conviction or to collaterally attack this conviction. Defendant reserves the right to appeal the sentence imposed in this case. However, it is further agreed: (a) that the defendant will neither appeal, nor otherwise litigate under Title 28, United States Code, Section 2255 and/or Section 2241, the conviction and any sentence within or below the stipulated Sentencing Guideline range; and (b) that the government will not appeal any sentence within or above the stipulated Sentencing Guideline range. This provision is binding on the parties even if the Court employs a Guidelines analysis different from that stipulated to herein. Furthermore, it is agreed that any appeal as to the defendant's sentence that is not foreclosed by this provision will be limited to that portion of the sentencing calculation that is inconsistent with (or not addressed by) the above stipulation.

//
//
//

15.   This Agreement supersedes any prior understandings, promises, or conditions between this Office and the defendant. No additional understandings, promises, or conditions have been entered into other than those set forth in this Agreement, and none will be entered into unless in writing and signed by all parties.

DATED: 08/26/08

IL CHO
Defendant

DATED: 8/26/08

BRUCE L. BERLINE, ESQ.
Attorney for Defendant

LEONARDO M. RAPADAS
United States Attorney
District of the Northern Mariana Islands

DATED: 8/27/08

ERIC S. O'MALLEY
Assistant U.S. Attorney

**CERTIFICATION**

I, Alex Tap , hereby certify that I am fluent in both the English and Korean languages, and that I have orally translated the foregoing plea agreement in its entirety for the defendant. He indicated to me in his native language that he understood its content.

DATED: 8-26-08

QUALIFIED INTERPRETER